# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESMIN WILLIAMS,<br><br>        Plaintiff,<br><br>        v.<br><br>HYATT CORPORATION,<br>d/b/a Grand Hyatt Washington<br><br>        Defendant. | Civil Action No. 1:09-cv-01725 (RLW) |

## MEMORANDUM OPINION[1] DENYING MOTION FOR SUMMARY JUDGMENT

Plaintiff Esmin Williams alleges two claims against Defendant Hyatt Corporation ("Hyatt" or "Defendant"), both pursuant to the District of Columbia Human Rights Act (DCHRA). One claim alleges age discrimination, the other race discrimination. Defendant has moved for summary judgment as to both counts. See Fed. R. Civ. P. 56. Plaintiff has filed two motions to strike certain evidence and exhibits proffered by Defendant in support of summary judgment. For the reasons set forth briefly below[2], Defendant's motion for summary judgment shall be denied, and Plaintiff's motions to strike shall be dismissed as moot.

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

[2] Rule 56(a) was amended in 2010 to require the trial court to "state on the record the reasons for granting or denying the motion [for summary judgment]." The Advisory Committee Notes to the amendment point out that "[t]he form and detail of the statement of reasons are left to the court's discretion" and that "[t]he statement on denying summary judgment need not address every available reason." Prior to the 2010 amendments, detailed rulings on summary judgment motions were generally not required by the federal rules or by the law of our Circuit, even when granting summary judgment, since the trial court makes no actual factual findings and the legal ruling is reviewed *de novo*. See, e.g., Summers v. Department of Justice, 140 F.3d 1077, 1079-80 (D.C. Cir. 1998) (stating general rule, but creating an exception for Freedom of Information Act cases due to particular statutory requirements); Randolph-Sheppard Vendors of America, Inc. v. Harris, 628 F.2d 1364, 1368 (D.C. Cir. 1980); Gurley v. Wilson, 239 F.2d 957, 958 (D.C. Cir. 1956).

Plaintiff has made out a prima facie case of discrimination as to both the age and race discrimination counts.  Plaintiff has introduced evidence showing that 1) she is a member of the relevant protected classes (African American and 74 years old when fired); 2) she suffered an adverse employment action – termination; and 3) her discharge gives an inference of discrimination because she has created a dispute of fact as to whether she was performing below Hyatt's legitimate expectations.  See George v. Leavett, 407 F.3d 405, 411-13 (D.C. Cir. 2005).  The burden therefore shifts to the Defendant to articulate a legitimate, non-discriminatory reason for Plaintiff's termination.  Id. at 411.  The Defendant has met this burden, as Hyatt has presented evidence that Plaintiff was terminated because Plaintiff made threatening statements to her supervisor, Anne Kwon.

However, a Plaintiff can avoid summary judgment by showing evidence that the employer's explanation for terminating her was false (and therefore pretextual), but only if the record does not "conclusively reveal" that the employer had some other, non-discriminatory reason for firing her.  Colbert v. Tapella, No. 10-5047, 2011 WL 2417131 * 2-3 (D.C. Cir. Jun. 17, 2011).  See also Vatel v. Alliance of Auto. Mfrs., 627 F.3d 1245, 1246-47 (D.C. Cir. 2011).  Plaintiff has made such a showing.

Plaintiff has created a dispute of fact as to whether Lori Ballinger, Hyatt's human resource manager, made the decision to terminate Plaintiff on September 9, 2008, as opposed to September 15, 2008, as Hyatt claims.  Ballinger conceded during her deposition testimony that her decision to terminate Plaintiff was made before September 15; indeed, Ballinger more or less conceded that she had made her decision by time she drafted a memorandum about the matter that was dated September 11, 2008.  (Ballinger Dep. at 97 – 98).  The September 11, 2008

memorandum was the formal notice of dismissal that was delivered to Plaintiff on September 15, 2008. (Pl.'s Ex. No. 9).

The date of Ballinger's decision to terminate Plaintiff is important, because the Defendant alleges that Ballinger was the sole deciding official, and the evidence shows that much of Ballinger's investigation of the incident did not occur until after September 11. Thus, a jury could reasonably find that the decision to terminate Plaintiff was made before the investigation into the charge against Plaintiff was even complete. Furthermore, Plaintiff has presented evidence of irregularities with Ballinger's investigation, including that much of the investigation did not corroborate the accusation made against Plaintiff and that Hyatt could produce no documentation of the prior warning that was allegedly given to Plaintiff for engaging in similar conduct, even though this prior warning was a critical basis for Ballinger's decision and these types of warnings were documented in writing when given to other employees. The Court therefore finds that the disputed evidence would allow a reasonable jury to question "whether [Hyatt's] investigation was a reasonably objective assessment of the circumstances or, instead, an inquiry colored by racial [or age] discrimination." Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 857 (D.C. Cir. 2006), cert. denied, 549 U.S. 1166 (2007).[3] Under these circumstances, the Court cannot grant summary judgment for Hyatt. The Court need not address the other arguments in opposition to summary judgment which were raised by Plaintiff.

---

[3] Furthermore, the same contradictory and disputed evidence prevents the Court from finding that Defendant's evidence "conclusively reveals" some other, non-discriminatory reason for firing Plaintiff.

## **CONCLUSION**

For the foregoing reasons, Hyatt's Motion for Summary Judgment is denied. Plaintiff's motions to strike certain exhibits submitted by Defendant in support of summary judgment are therefore immaterial, and those motions will be denied as moot. An Order accompanies this Memorandum.

SO ORDERED.

Date: September 12, 2011

/s/
ROBERT L. WILKINS
United States District Judge